**Zhu Qiang CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General Respondent.**

**No. 00–70695.**

**I & NS No. A76–280–047.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2001 *.

Decided May 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LAY[**], TROTT and BERZON, Circuit Judges.

### MEMORANDUM [***]

We find sufficient evidence in the record to support the Board of Immigration Appeal's ("BIA's") decision and therefore affirm its denial of Zhu Qiang Chen's application for asylum. As the parties are familiar with the factual and procedural history of this case, we do not recount them here.

■ 1. "To deny asylum on credibility grounds, the BIA must have a 'legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief.'" *Abovian v. INS*, 219 F.3d 972, 978 (9th Cir.2000) (quoting *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994)).

"Any reasons put forth in support of an adverse credibility finding must be substantial and bear a legitimate nexus to the [credibility] finding." *Id.* at 978 (citations and internal quotation marks omitted).

■ 2. The BIA cited inconsistencies between Mr. Chen's written application for asylum and his oral testimony sufficient to satisfy this standard. In his asylum application, for example, Mr. Chen described two separate incidents to support his claim: (1) He claims that because he had not paid a fine following his adoption of the abandoned baby girl, family planning officials came to his home to harass his family. When the officials did not find Mr. Chen at home, he contends that they damaged his windows and doors. (2) Mr. Chen claims that family planning officials returned two weeks later and tore his home down, leaving Mr. Chen and his family homeless. At his hearing before the Immigration Judge ("IJ"), Mr. Chen described the first incident, but did not mention the second. Even when pressed by the IJ for further details, Mr. Chen made no mention of his original allegation that family planning officials destroyed his home. Given the relative severity of this allegation, the IJ reasonably found its omission from Mr. Chen's testimony significant enough to support an adverse credibility finding. *Abovian*, 219 F.3d at 978. The BIA agreed, and so do we.

3. The other evidence supplied by Mr. Chen is not enough to save his claim. First, the State Department Report on current conditions in China is inconclusive. Although it confirms that events similar to those Mr. Chen described do happen, it casts doubt that they occur "with the fre-

---

[**] The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

quency asserted by asylum applicants from Fujian province." Similarly, even assuming that the documentary and photographic evidence supplied by Mr. Chen was credible, standing alone it does not demonstrate that family planning officials forcibly sterilized his wife. Mr. Chen's testimony at his hearing before the IJ was therefore critically important, and because the BIA justifiably found him not credible, we must conclude that Mr. Chen has not demonstrated eligibility for asylum. *Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999).

4. For the foregoing reasons, we find that Mr. Chen did not demonstrate his eligibility for asylum. Consequently, his petition is DENIED and the BIA's decision is AFFIRMED.